**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION**

| | | |
|---|---|---|
| **BRANCH BANKING AND TRUST** | : | |
| **COMPANY,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **CIVIL ACTION** |
| **v.** | : | **NO. 3:13-CV-50 (CAR)** |
| | : | |
| **THYME AFTER THYME, INC.,** | : | |
| | : | |
| **Defendant.** | : | |
| _____ | : | |

<u>**ORDER ON MOTION FOR DEFAULT JUDGMENT**</u>

On May 9, 2013, Plaintiff Branch Banking and Trust Company filed a Complaint against Defendant Thyme After Thyme, Inc. seeking to recover the unpaid balance, accrued interest, and late charges due and outstanding under a promissory note (the "Note") executed by Defendant.  Plaintiff also seeks attorney's fees pursuant to O.C.G.A. § 13-1-11.  Defendant was served with process on July 18, 2013, but failed to answer or respond.  At Plaintiff's request, the Clerk of Court entered a default against Defendant on August 28, 2013.

Now, Plaintiff moves the Court for entry of default judgment.  Defendant has not appeared or filed a response, and the time for doing so has passed.  For the reasons set forth below, Plaintiff's Motion for Entry of Default Judgment [Doc. 8] is **GRANTED**.

**PLAINTIFF'S ALLEGATIONS**

According to the Complaint, on or about July 26, 2007, Defendant made, executed,

and delivered a promissory note in favor of Plaintiff in the original principal amount of $400,000.00.  The Note was modified on October 26, 2007, and July 20, 2010.  The terms of the Note required Defendant to pay Plaintiff regular payments when they became due.  If Defendant failed to make timely payments, the Note empowered Plaintiff to accelerate the loan and demand the entire outstanding principal, interest, and late charges.  Defendant also agreed to pay all attorneys' fees and other expenses incurred by Plaintiff to collect the debt.

Defendant defaulted under the terms of the note by failing to pay Plaintiff in a timely manner.  Accordingly, Plaintiff notified Defendant of its election to accelerate the loan and seek attorneys' fees pursuant to O.C.G.A. § 13-1-11.  Now, Plaintiff alleges Defendant is liable for the unpaid principal balance, accrued interest, and late charges due and outstanding in the amount of $384.781.01.  Plaintiff also seeks per diem interest in the amount of $59.9986 per day after April 2, 2014 through the date of Judgment, as well as post-Judgment interest at the contractual rate of $59.9986 per day.  Finally, Plaintiff demands attorneys' fees in the amount of $37,944.14.

## DISCUSSION

The entry of default judgment is appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend … and that fact is made to appear by affidavit or otherwise."[1]  Prior to obtaining a default judgment, the party seeking judgment must first obtain an entry of default from the Clerk

---

[1] Fed. R. Civ. P. 55(a).

of Court.[2]  Plaintiff has satisfied this requirement.

The mere entry of default, however, does not mandate the entry of a default judgment.  Instead, the Court must find a sufficient basis in the pleadings for judgment to be entered.[3]  Default is not an admission of liability, but it is an admission as to the well-pleaded facts in the complaint, and the defendant may not challenge those facts on appeal.[4]  Once a court determines that default judgment should be entered, the court must then determine the amount and character of the recovery for which a sufficient basis is asserted in the complaint.[5]

In considering any motion for default judgment, the Court must examine (1) its jurisdiction, (2) liability, and (3) damages.[6]  The Court has diversity jurisdiction over the instant case pursuant to 28 U.S.C. § 1332.  The remaining considerations are addressed below.

## A.  Liability on the Promissory Note

A party who claims breach of contract under Georgia law has the burden of establishing (1) the subject matter of the contract, (2) consideration, and (3) mutual assent by the parties to the contract terms.[7]  "Once such a contract is shown, the elements of a

---

[2] *Id.*

[3] *Nishimatsu Constr. Co. Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (In *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted all cases decided by the former Fifth Circuit before October 1, 1981.)

[4] *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009).

[5] *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987).

[6] *See Pitts v. Seneca Sports, Inc.*, 321 F. Supp. 2d 1353, 1356 (S.D. Ga. 2004).

[7] *Imps. Serv. Corp. v. GP Chems. Equity, LLC*, 652 F. Supp. 2d 1292, 1300 (N.D. Ga. 2009).

right to recover for the breach of said contract are (1) the breach and (2) the resultant damages to the party who has the right to complaint about the contract being broken."[8]

In an action to recover amounts due on a promissory note, a plaintiff is entitled to judgment as a matter of law if the record shows that the promissory note was executed by a defendant who is in default unless the defendant produces or points to evidence in the record that establishes an affirmative defense.[9]

The Court finds the factual allegations in the Complaint and attached exhibits, deemed admitted by Defendant, establish Plaintiff has a right to recover amounts due under the promissory note.

## B. Damages

No evidentiary hearing is necessary to determine Plaintiff's damages because "the amount of damages is liquidated or can be reduced to a sum certain."[10]  Under the terms of the promissory note, Defendant is liable for the aggregate amount of $384,781.01 as of April 2, 2014.  This amount consists of unpaid principal in the amount of $345,592.10, interest in the amount of $33,599.31, and fees in the amount of $5,589.60.  Defendant is also liable for per diem interest in the amount of $59.9986 for each and every day after April 2, 2014, through the date of Judgment, as well as post-Judgment interest at the contractual rate of $59.9986 per day.

---

[8] *Id.* (internal quotation marks and citation omitted).
[9] *Secured Realty Inv. v. Bank of N. Ga.*, 314 Ga. App. 628, 629 (2012); *see also Collins v. Regions Bank*, 282 Ga. App. 725, 726 (2006).
[10] *Langsfeld v. Wynne*, No. 1:08-CV-0225-JOF, 2009 WL 383395, at *3 (N.D. Ga. 2009).

**C.  Attorneys' Fees**

Likewise, the Court grants Plaintiff's request for attorneys' fees without an evidentiary hearing because O.C.G.A. § 13-1-11 provides a statutory formula for their calculation.  Pursuant to this statute, "[o]bligations to pay attorney's fees upon any note or other evidence of indebtedness … shall be valid and enforceable and collectable as a part of such debt if such note or other evidence is collected by or through an attorney after maturity."[11]   If the note provides for attorneys' fees without identifying a specific percentage of recovery, "such provision shall be construed to mean 15 percent of the first $500.00 of principal and interest owing on such note or other evidence of indebtedness and 10 percent of the amount of principal and interest owing thereon in excess of $500.00[.]"[12]

A party who seeks to collect attorneys' fees allowed by O.C.G.A. §13-1-11 must give the debtor written notice after maturity, and the notice must state the debtor has ten days to pay the principal and interest due without being liable for attorneys' fees.[13]  If all these requirements are met, the attorneys' fees provision is enforceable.[14]

Here, the factual allegations in the Complaint demonstrate that the above requirements have been satisfied.  Therefore, pursuant to the terms of the promissory note, Defendant is liable for attorneys' fees in the amount of $37,994.14.  These attorneys' fees consist of fifteen percent (15%) of the first $500.00 of principal and interest set forth above

---

[11] O.C.G.A. § 13-1-11(a).

[12] *Id.* § 13-1-11(a)(2)

[13] *Id.* § 13-1-11(a)(3).

[14] *TermNet Merc. Servs., Inc. v. Phillips*, 277 Ga. 342, 344 (2003).

and ten percent (10%) of the amount of principal and interest in excess of $500.00.[15]

## CONCLUSION

Plaintiff's Motion for Entry of Default Judgment [Doc. 8] is **GRANTED**.  Judgment will be entered in favor of Plaintiff against Defendant in the following amounts:

a.  **$384,781.01** representing unpaid principal, accrued interest, and fees under the Note as of April 2, 2014;

b.  **$59.9986** in per diem interest for each and every day after April 2, 2014, through the date of Judgment;

c.  **$37,944.14** in attorneys' fees; and

d.  **$59.9986** in per diem post-Judgment interest.

**SO ORDERED**, this 9th day of April, 2014.

S/  C. Ashley Royal
C. ASHLEY ROYAL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

BBP

---

[15] Quirk Aff., ¶ 7 [Doc. 9].